IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JERRY CARL SCOTT | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-06-CV-1186-P |
| NATHANIEL QUARTERMAN, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**<u>UNITED STATES MAGISTRATE JUDGE</u>**

Petitioner Jerry Carl Scott, appearing *pro se*, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed on limitations grounds.

I.

In 1992, petitioner was released to mandatory supervision after serving less than four years of a 20-year sentence for delivery of a controlled substance. While on supervision, petitioner was charged with various technical violations and another drug offense. Following his conviction on the new drug charge, petitioner's mandatory supervision was revoked and he was returned to custody. Petitioner challenged this action on collateral review in federal and state court. His federal writ was dismissed for failure to exhaust state remedies. *Scott v. Dretke*, No. 3-06-CV-0488-K, 2006 WL 1374015 (N.D. Tex. May 16, 2006). The Texas Court of Criminal Appeals dismissed petitioner's state writ for failure to comply with Tex. R. App. P. 73.1.[1] *Ex parte Scott*, No. 19,820-07 (Tex.

---

[1] Rule 73.1 requires a person seeking state post-conviction relief in a non-capital felony case to file an application in the form prescribed by the Texas Court of Criminal Appeals. Petitioner failed to comply with this rule because his state writ did not properly set forth his summarized grounds for relief on the form rather than by reference or insertions. *See* Tex. R. App. P. 73.1(c).

Crim. App. Jun. 14, 2006). Believing he has satisfied the exhaustion requirement, petitioner returns to federal court.

## II.

In three grounds for relief, petitioner contends that: (1) he was denied a preliminary hearing at the time of his arrest; (2) he was not allowed to participate in a hearing before the parole board; and (3) the revocation of his mandatory supervision violated due process.

Respondent has filed a preliminary response which suggests that this case may be time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Petitioner addressed the limitations issue in written replies filed on July 19, 2006 and October 12, 2006. The court now determines that this case should be dismissed on limitations grounds.

### A.

The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub.L. 104-132, 110 Stat. 1214 (1996). In cases challenging state parole decisions, the limitations period begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D); *see also Sanchez v. Dretke*, No. 3-04-CV-1668-N, 2004 WL 3029727 at *1 (N.D. Tex. Dec. 30, 2004), *rec. adopted*, 2005 WL 65958 (N.D. Tex. Jan. 11, 2005) (citing cases). The AEDPA statute of limitations is tolled while a properly filed motion for state post-conviction relief or other collateral review is pending. 28 U.S.C. § 2244(d)(2). The one-year limitations period is also subject to equitable tolling in "rare and exceptional" circumstances. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 1474 (1999).

B.

Petitioner alleges, and respondent confirms, that his mandatory supervision was revoked on July 9, 2004. He challenged that action in an application for state post-conviction relief filed on November 1, 2005. The application was dismissed on June 14, 2006. Petitioner also filed a prior federal writ on March 7, 2006. That writ was dismissed without prejudice for failure to exhaust state remedies on May 16, 2006. Petitioner filed the instant action on June 27, 2006.

The limitations period started to run on the date petitioner could have discovered the factual predicate of his claims through the exercise of due diligence. At the very latest, this occurred on July 9, 2004 when his mandatory supervision was revoked. *See Sanchez*, 2004 WL 3029727 at *1. Yet petitioner waited more than one year before seeking state or federal post-conviction relief. In an attempt to excuse this delay, petitioner argues that he is entitled to statutory tolling of the AEDPA limitations period during the pendency of his application for state post-conviction relief, his prior federal writ, and a state writ of mandamus. Assuming that the tolling provisions of 28 U.S.C. § 2244(d)(2) apply to these actions,[2] all were filed more than one year after petitioner's mandatory supervision was revoked. Petitioner did not file a state habeas application challenging his revocation until November 1, 2005. His writ of mandamus was not filed until January 11, 2006. Petitioner's prior federal writ was filed on March 7, 2006. Under these circumstances, petitioner is not entitled

---

[2] As respondent correctly notes, it is doubtful whether petitioner is entitled to statutory tolling during the pendency of his application for state post-conviction relief, which was dismissed for failure to comply with the requirements of Tex. R. App. P. 73.1. *See Artuz v. Bennett*, 531 U.S. 4, 8, 121 S.Ct. 361, 364, 148 L.Ed.2d 213 (2000) ("[A]n application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings") (emphasis in original). It is abundantly clear that petitioner is not entitled to statutory tolling during the pendency of his prior federal writ and his state writ of mandamus. *See Duncan v. Walker*, 533 U.S. 167, 181, 121 S.Ct. 2120, 2129, 150 L.Ed.2d 251 (2001) (federal habeas petition is not an "application for State post-conviction or other collateral review" sufficient to toll limitations period under 28 U.S.C. § 2244(d)(2)); *Moore v. Cain*, 298 F.3d 361, 366-67 (5th Cir. 2002), *cert. denied*, 123 S.Ct. 1360 (2003) (writ of mandamus is not a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment").

to statutory tolling. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000), *cert. denied* 121 S.Ct. 1498 (2001) (holding that state habeas application filed after AEDPA statute of limitations expired does not toll limitations period).

Petitioner also seeks equitable tolling because he was transferred multiple times between August 10, 2004 and November 21, 2004, which prevented him from researching his claims. However, petitioner fails to explain why he could not research his claims *after* November 21, 2004. Had petitioner diligently pursued his post-conviction remedies, this case could have been timely-filed. *See Coleman v. Johnson*, 184 F.3d 398, 404 (5th Cir. 1999), *cert. denied*, 120 S.Ct. 1564 (2000) (equitable tolling of limitations period requires habeas petitioner to diligently pursue relief); *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999), *cert. denied*, 121 S.Ct. 1124 (2001), *citing Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989) ("[E]quity is not intended for those who sleep on their rights.").

## **RECOMMENDATION**

Petitioner's application for writ of habeas corpus is barred by limitations and should be dismissed with prejudice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 24, 2006.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE